IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA BENTON,<br>      Plaintiff | )<br>)<br>)  C.A. No. 23-224 Erie<br>) |
| v. | )<br>)<br>)  District Judge Susan Paradise Baxter |
| VISIONQUEST NATIONAL LTD,<br>      Defendant. | )<br>) |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

    **A.    Relevant Procedural History**

On August 1, 2023, Plaintiff Joshua Benton, an adult resident of Erie County, Pennsylvania, initiated this action by filing a complaint against Defendant VisionQuest National Ltd., a business organization incorporated and having its principal place of business in the State of Arizona.

At all times relevant hereto, Defendant owned and operated a residential facility for youth adjudicated delinquents in Franklin, Pennsylvania. Plaintiff alleges that he was placed in Defendant's facility when he was 16 years of age and "endured unrelenting sexual abuse at the hands of VisionQuest staff." (ECF No. 9, at ¶ 3). As a result of the alleged sexual abuse, Plaintiff asserts five causes of action: (1) Count I – negligence; (2) Count II – negligent hiring, supervision, and retention; (3) Count III – negligent infliction of emotional distress; (4) Count IV – gross negligence; and (5) Count V – breach of fiduciary duty. As relief for his claims, Plaintiff seeks monetary damages.

1

Now pending before this Court is Defendant's partial motion to dismiss and motion to strike [ECF No. 12]. Specifically. Defendant moves for the dismissal of all allegations, claims, and references to non-sexual physical and/or emotional abuse in Plaintiff's complaint,[1] as well as Plaintiff's claim of gross negligence at Count IV, for failure to state a claim upon which relief may be granted. In addition, Defendant moves to strike paragraphs 27-35 of Plaintiff's complaint as redundant, immaterial, impertinent, or scandalous. Plaintiff has since filed a brief in opposition to Defendant's motion [ECF No. 15], to which Defendant has filed a reply brief [ECF No. 16]. This matter is now ripe for consideration.

**B.**     **Relevant Factual History**[2]

On or about April 4, 2012, when he was 16 years old, Plaintiff was adjudicated delinquent by the Court of Common Pleas of Philadelphia County, Pennsylvania and committed to Defendant's facility in Franklin, Pennsylvania, where he remained until October 24, 2012 (ECF No. 1, at ¶ 15). While there, Plaintiff injured his ankle playing basketball and reported to Defendant's medical facility, where he met Nurse Tracy. (Id. at ¶¶ 16-17). During her examination of Plaintiff, Nurse Tracy "began flirting with him ... touched him in his private areas, rubbed his chest outside of his clothing, and intimately kissed him" without his consent. (Id. at ¶ 18). Nurse Tracy subsequently created opportunities where she and Plaintiff could be alone and ultimately had sexual intercourse with him on, at least, ten different occasions, without his consent. (Id. at ¶ 19).

---

[1] In particular, Defendant moves to dismiss all references to physical abuse in paragraphs 2, Section IV(C), 26, 51(a), 51(b), 51(c), 51(e), 51(f), 51(h), 51(i), 51(k), and 62(a).

[2] The Court accepts as true all well-pleaded allegations of the complaint, as is required for purposes of determining Defendant's motion.

2

As a result of the abuse Plaintiff suffered at Defendant's facility, Plaintiff suffers from several mental health issues, including PTSD, anxiety, depression, nightmares, and panic attacks, as well as continual involvement in the criminal justice system. (Id. at ¶ 4).

## II. DISCUSSION

### A. Claims of Non-Sexual Physical and/or Emotional Abuse

Defendant seeks dismissal of Plaintiff's claims and/or allegations of non-sexual physical and/or emotional abuse, arguing that the same are barred by the applicable statute of limitations.

It is well-settled that a federal court must apply the substantive laws of its forum state in diversity cases, including the state's statute of limitations. Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007) (citations omitted). Thus, Pennsylvania's statute of limitations applies here. In particular, 42 Pa. C.S. § 5524 sets forth various causes of action that must be commenced within two years of their occurrence, or within two years of the plaintiff's eighteenth birthday, whichever is later. Among such causes of action are "assault" (i.e., emotional abuse") and "battery" (i.e., non-sexual physical abuse). 42 Pa. C.S. § 5524(1).

A claim is subject to dismissal for failure to state a claim on statute of limitations grounds "only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 153, 157 (3d Cir. 2017), citing Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Here, the complaint plainly states that Plaintiff was 16 years of age when the alleged incidents occurred in 2012, which means that Plaintiff was 18 years of age in 2014. Thus, barring the application of any exceptions tolling the limitations period, Plaintiff's claims for non-sexual physical and/or emotional abuse were required to have been filed sometime in 2016, within two years of Plaintiff's eighteenth birthday. Instead, the instant lawsuit was not filed until August 1, 2023, approximately seven years after the expiration of the statute of limitations

applicable to such claims. Consequently, Defendant asserts that all allegations, claims, and references to non-sexual physical and/or emotional abuse in Plaintiff's complaint are time-barred and must be dismissed and/or stricken.

In opposition, Plaintiff acknowledges that he "does not assert claims for physical abuse," yet he argues that "allegations of physical abuse are relevant to Defendant's knowledge and awareness of problems at its facilities." (ECF No. 15, at p. 4). This argument is unavailing. Plaintiff's claims arise solely from his allegations of sexual abuse at the hands of Defendant's employee(s). Generalized allegations of non-sexual physical and/or emotional abuse bear no rational relationship to the sexual harm allegedly suffered by Plaintiff, and any attempt to show that Plaintiff experienced any such abuse would be time-barred. Moreover, the Court fails to see how Defendant's alleged knowledge of the occurrence of non-sexual physical and/or emotional abuse at its facilities is relevant in determining whether Plaintiff's sexual abuse was foreseeable. Thus, Defendant's motion to dismiss and/or strike all allegations, claims, and references to non-sexual physical and/or emotional abuse in Plaintiff's complaint will be granted.

**B.** **Count IV – Gross Negligence**

Defendant has moved to dismiss Plaintiff's claim of gross negligence, arguing that, under Pennsylvania law, gross negligence is not an independent cause of action. The Court agrees.

In Monroe v. CBH20, LP, 286 A.3d 785, 799 (Pa. Super. 2022), the Pennsylvania Superior Court expressly recognized that, "gross negligence and recklessness are states of mind; they are forms of negligence, not independent causes of action." This fact has been uniformly recognized by courts within the Third Circuit. See, e.g., Spence v. ESAB Group, Inc., 623 F.3d 212, 215 n.2 (3d Cir. 2010) ("there is no separate cause of action under Pennsylvania law for gross negligence"); Kevin C. v. Foundations Behavioral Health, 2023 WL 8480068, at *5 (E.D.

Pa. Dec. 7, 2023) ("under Pennsylvania law, negligence, gross negligence, and recklessness are not separate causes of action, but rather different 'degree[s] of deviation from the standard of care' that fall under a single cause of action") (internal quotation and citation omitted); Hunter v. Squirrel Hill Assoc., L.P., 413 F.Supp.2d 517, 520 n.2 (E.D. Pa. 2005) (in Pennsylvania, "the term "gross negligence" refers only to a heightened standard of care, not to a cause of action distinct from ordinary negligence") (internal quotations and citation omitted).

In opposition, Plaintiff asserts that the gross negligence is, in fact, a viable cause of action in Pennsylvania, based upon the Pennsylvania Supreme Court's decision in Feleccia v. Lackawanna Coll., 215 A.3d 3 (Pa. 2019). However, as Defendant points out, Plaintiff's reliance on Feleccia in this regard is misplaced. In Feleccia, the court merely refined the definition of "gross negligence" for purposes of determining the enforceability of an athlete's waiver of liability. Notably, the court did not establish the viability of gross negligence as an independent cause of action, nor did it even broach the subject. As Defendant cogently observes, this would explain why the Pennsylvania Superior Court was able to declare three years later in Monroe that gross negligence is not an independent cause of action in Pennsylvania. Thus, Plaintiff's claim of gross negligence at Count IV of the complaint will be dismissed.

### C.   Motion to Strike

Under Federal Rule of Civil Procedure 12(f), courts may "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); see, e.g., Berezansky v. CNB Bank, 2018 WL 461245, at *2 (W.D. Pa. Jan. 17, 2018); Sampath v. Concurrent Technologies Corp., 2006 WL 1207961, at *3 (W.D. Pa. May 3, 2006). "Immaterial" allegations are those that have no essential or important relationship to the claim for relief. Deltondo v. School District of Pittsburgh, 2023 WL 1108389 (W.D. Pa. Jan. 30, 2023), citing

Conklin v. Anthou, 2011 WL 1303299, at *1 (M.D. Pa. Apr. 5, 2011). "Impertinent" allegations consist of "'statements that do not pertain, and are not necessary, to the issues in question.'" Id., quoting In re Shannopin Mining Co., 2002 WL 31002883, at *28 (W.D. Pa. Jul. 25, 2002). "Scandalous" allegations "improperly cast[ ] a derogatory light on someone, most typically on a party to the action." Id. (citation omitted).

The purpose of a motion to strike "is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Tennis v. Ford Motor Co., 730 F.Supp.2d 437, 443 (W.D. Pa. 2010). "[W]hile such motions are not favored, courts possess considerable discretion in their weighing, particularly where the challenged allegations have no possible relation to the controversy and may cause prejudice to one of the parties (with the latter being an important consideration)." Morgan v. Noss, 2024 WL 2819139, at *5 (W.D. Pa. Apr. 4, 2024) (citations omitted). "A court may also properly strike allegations which may 'confuse the issues in the case.'" Id., quoting Fiorentino v. Cabot Oil & Gas Corp., 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010).

Here, Defendant has moved to strike paragraphs 27-35 of Plaintiff's complaint. In particular, paragraph 27 alleges that Defendant's license to operate in the state of New Mexico was canceled in 1984, "in part because of child abuse charges." Paragraph 28 references a study completed by Rand Corporation in November 1987 that memorialized "controversial physical 'confrontations' by [Defendant's] staff" and "several child-abuse complaints lodged against [Defendant's] staff members." Paragraph 29 alleges that, between 1995 and 1998, Defendant "had 11 charges of abuse substantiated against its programs," including the hiring of "a twice-convicted child rapist" and "a supervisor knocking a girl to the ground and holding her down by her throat." Paragraph 30 references a March 13, 1998 news article that allegedly "confirmed

6

[Defendant's] controversial practices where '[s]taff members are often confrontational, shouting at youths nose to nose and sometimes grabbing them.'" Paragraph 31 references another article, dated August 6, 1998, which reported that "physical restraint, and other forms of physical contact, are essential to Defendant's program." Paragraph 32 alleges that students at Defendant's North Philadelphia shelter were "man-handled," and that one child was put "in a restraint" and "kicked a dent in the wall as he resisted." Paragraph 33-34 allege that in April 2013, at the same North Philadelphia shelter, two staff members "cursed at the youth in their care;" in August of 2013, eight staff members at that same shelter had not been certified in CPR or first aid; and in 2014 and 2015, a staff member at that shelter was working without child-abuse clearance. And paragraph 35 alleges that Defendant's Franklin facility, where Plaintiff was housed in 2008, was ultimately closed in 2018 due to "safety concerns."

The Court's consideration of Defendant's request to have these paragraphs stricken is informed by two important constraints. First, Plaintiff's claims arise from events that allegedly occurred during his commitment at Defendant's Franklin, Pennsylvania facility from April 4, 2012 to October 24, 2012. Second, because the Court has already decided to dismiss and/or strike all of Plaintiff's allegations, references and claims of non-sexual physical and/or emotional abuse as time-barred and irrelevant, the only cognizable claims remaining are those that arise from Plaintiff's allegations of sexual abuse. Given these two constraints, the Court makes the following findings.

The allegations of paragraphs 27-31, dealing with alleged abuse and practices that reportedly occurred in Defendant's facilities other than its Franklin, Pennsylvania facility, at least 14 years, and as many as 28 years, before the alleged incidents at issue in this case, are far too attenuated to have any material value and are more likely to cause prejudice to Defendant

and to confuse the issues in this case. Moreover, these paragraphs primarily allege non-sexual physical and/or emotional abuse, which are not relevant to the claims of sexual abuse remaining in this case. As a result, paragraphs 27-31 will be stricken from the complaint.

Similarly, the allegations of paragraphs 32-34 are both immaterial and impertinent to the issues remaining in this case. Specifically, all of the incidents and/or circumstances alleged in these paragraphs occurred at least one year after the incidents alleged in this case (2013-2015), at a facility different from the one involved in this case (New Directions Shelter in North Philadelphia), and primarily implicate non-sexual and/or emotional abuse, which is no longer at issue in this case. Thus, the allegations of these paragraphs are more likely to confuse the issues remaining in this case and may result in undue prejudice to Defendant. Consequently, paragraphs 32-34 of the complaint will also be stricken.

Paragraph 35, however, will not be stricken, as it is neither immaterial nor impertinent to the issues in this case, and cannot be considered scandalous toward Defendant, since it merely recounts the fact that Defendant's Franklin facility was ultimately closed in 2018 due to safety concerns.

An appropriate Order follows.